UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES TIGNER, | ) |
| Plaintiff, | ) |
| v. | ) 19-CV-3101 |
| GEORGE E. CRICKARD, III, M.D., AND QUINCY MEDICAL HOSPITAL, | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court will send this case for service only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Dr. Crickard, an orthopedic surgeon at Quincy Medical Hospital, performed hip replacement surgery on Plaintiff on April 4, 2018. Dr. Crickard allegedly failed to properly sterilize the prosthesis, causing a staph infection that took 30 days to resolve. Another surgery is allegedly necessary to clean out the infection and replace the infected prosthesis. However, Dr. Crickard refuses to perform another surgery. Plaintiff seeks damages and an order compelling Dr. Crickard to perform corrective surgery. Plaintiff alleges that he has been wheelchair-bound ever since the surgery.

Plaintiff's malpractice claim against Dr. Crickard is based on state law, not federal law. See Walker v. Peters, 233 F.3d 494, 499 (7th Cir. 2000)(malpractice is not a constitutional violation). In general, federal courts do not have the authority to hear state law claims unless a federal claim is also proceeding. Simplified, there is no federal claim against Dr. Crickard because: (1) malpractice does amount to a constitutional claim; and, (2) Dr. Crickard was not performing a government function. See Shields v. IDOC, 746 F.3d 782 (7th Cir. 2014)(SIU doctors who saw inmate for consult were not state actors)(An "incidental and transitory relationship with the penal system" does not amount to state action.).

There may be a federal claim against the physician working at Rushville if that physician is responsible for denying Plaintiff necessary corrective surgery. See Miranda v. County of Lake, 900 F.3d 335, 352 (7th Cir. 2018)(detainee's constitutional rights violated if he or she has an objectively serious condition and the response by state actors is objectively unreasonable). If a federal claim can be stated against the physician at Rushville, then this Court may be able take supplemental jurisdiction over Plaintiff's state law malpractice claim. However, Plaintiff cannot pursue a

state law malpractice claim in either state or federal court unless Plaintiff attaches to his complaint an affidavit of a qualified professional stating that the case has merit. 735 ILCS 5/2-622(a).

At this point, Plaintiff's allegations do not make out a federal claim. Plaintiff will be given an opportunity to file an amended complaint.

**IT IS ORDERED:**

    **1.** Plaintiff's petition to proceed in forma pauperis is granted. (d/e 2.)

    **2.** Plaintiff's complaint is dismissed without prejudice for failure to state a federal claim.

    **3.** By June 28, 2019, Plaintiff may file an amended complaint. If Plaintiff does not file an amended complaint, then this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

ENTERED: 5/29/2019

FOR THE COURT:

                            **s/Sue E. Myerscough**
                             SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE